# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 04-2318

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ELMO CASH,

*Defendant-Appellant.*

———————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
03 CR 185—**Larry J. McKinney**, *Chief Judge.*

———————

ARGUED NOVEMBER 3, 2004—DECIDED JANUARY 12, 2005

———————

Before FLAUM, *Chief Judge,* and EASTERBROOK and SYKES,
*Circuit Judges.*

FLAUM, *Chief Judge.* Following a one-day trial, a jury
convicted defendant-appellant Elmo Cash of one count of
threatening a federal employee in violation of 18 U.S.C.
§ 115. Cash was sentenced to thirty-seven months of im-
prisonment and three years of supervised release. He now
appeals his conviction. For the reasons stated herein, we
affirm.

## I. Background

Cash is a Vietnam combat veteran who was honorably
discharged from the Marine Corps in 1969. He suffers from

post-traumatic stress syndrome and has symptoms including flashbacks, sleep disorder, chronic anxiety, social isolation, and substance abuse. Cash qualifies for both pension and disability benefits through the Department of Veterans Affairs ("VA").

Cash has been hospitalized on and off since 1999. Between June 19 and August 14, 2003, he was hospitalized in Tomah, Wisconsin, and was qualified to receive a disability benefit for this hospitalization period. Cash filed a claim for the disability benefit in Wisconsin, and upon his release from the hospital, returned to live in South Bend, Indiana.

Cash had several telephone conversations regarding his benefits with Truly Fair, a Veterans Service Representative at the Indianapolis office of the VA. Cash's statements to Fair during one of these telephone calls are the subject of this criminal prosecution.

Fair's duties at the VA include counseling veterans who have questions about their benefits, both by telephone and on a walk-in basis. Fair receives approximately 60-100 telephone calls per day. She is often required to pull a veteran's file and research his case in order to answer particular questions.

Fair testified at trial that she documents all her telephone conversations with veterans on a "report of contact" or a "VA Form 119," and that she completed such a report for each of her conversations with Cash. The Form 119 contains information about the date and type of contact, the veteran's name, file number, address, date of birth, and branch of service, as well as information about the conversation itself. Fair testified that she documents phone conversations while speaking with the veteran because as soon as she hangs up from one call, the switchboard immediately sends her another. She testified that her Form 119 reports are documented thoroughly and include exact questions and quotations from veterans.

Fair spoke with Cash on three separate occasions. At trial, the government asked Fair to read portions of the reports documenting her conversations with Cash pursuant to the hearsay exception for past recollection recorded. *See* Fed. R. Evid. 803(5). Defense counsel objected to Fair's testimony with regard to each of Cash's statements. The district court overruled the objections and allowed Fair to read quotations of Cash's statements from her reports. The government did not formally move to admit these reports into evidence.

Fair testified that on September 10, 2003, Cash called to inquire about the status of his claim for the disability benefit to be paid in connection with his hospital stay. Fair advised Cash that the delay was due to a jurisdictional problem and that his claim would have to be closed in Milwaukee and then transferred to Indianapolis. Fair testified that Cash grew angry upon learning this. Fair recorded on the Form 119 several statements that Cash made to her. The prosecutor questioned Fair about this Form 119, leading to the following exchange:

> Prosecutor: If a statement is in quotations on your 119 does that mean it was a direct quotation from the person's mouth?
>
> Fair: Yes, it does.
>
> Prosecutor: Do you have that statement memorized word-for-word?
>
> Fair: No, I do not.
>
> Prosecutor: And would any amount of reading that document today and then putting it over help refresh your recollection as to the word-for-word—
>
> Fair: No, it would not.

Prosecutor: Would looking at your report and being able to read it be accurate as to the statement that he made at that time?

Fair: Yes, it would.

Prosecutor: I would ask you to read that statement after you said about the jurisdiction and then what his follow-up comment was.

Defense Counsel: Your Honor, I object. The witness is testifying to the content of the document. I submit the proper procedure would be for the witness to examine the document, then surrender the document and testify as to what her recollection is. The document is not in evidence and it is not appropriate for her to read that document to the jury under the guise of refreshment of recollection.

The Court: I think she has testified that she can't turn it over and testify. From what she has just said, this is the best we are going to do.

Go ahead.

That means the objection is overruled and you can proceed.

(Tr. at 17-18.)

With the benefit of the Form 119, Fair testified that Cash said:

You don't have jurisdiction over shit. You only have jurisdiction over your own life. I filled out all the paperwork in Wisconsin. The doctors filled out all the paperwork in Wisconsin. They said it was all there and would not be a problem. Send me my damn money.

(*Id.* at 18-19.)

As Fair was about to testify about another statement Cash made during their telephone conversation on September 10, 2003, defense counsel again objected. The following colloquy ensued:

| | |
|---|---|
| Defense Counsel: | Your Honor, I'm going to object. The Witness is referring to the document. The same objection. And I would like the record to note that she has the document in front of her and is referring directly to it. |
| The Court: | I think it is probably fair to ask her if she can remember what she said. |
| Prosecutor: | I would also like to say on the record that in addition to refreshing recollection, this is more accurately past recollection recorded. |
| The Court: | Okay. |

(*Id.* at 19-20.)

After the district court overruled another objection on the same ground, Fair testified that Cash said: "If I have to come up there again I'm going to take all you fuckers out," and hung up. (*Id.* at 20-21.)

Fair testified that she spoke to Cash again on October 14, 2003. Fair called Cash to follow up on a letter he had sent regarding his pension and the hospital stay. Federal Protective Special Agent Mark Fullerton was present with Fair during this telephone call. At trial, Fair stated that she could not recall the defendant's exact statements during that conversation. Again over defense counsel's objection, the district court allowed Fair to read specific quotations from her Form 119. Fair testified that Cash said:

You are right. I was really mad. I was going to go out and buy me a shotgun and come to Indy to get my

> money. . . . Miss Fair, I'm not fooling around with this. I have stabbed a man before and I have stabbed my girlfriend, sent her to the hospital. I won't hesitate to come there and hurt you.

(*Id.* at 27-28.)

On October 17, 2003, the date of the offense charged in the indictment, Fair had her third telephone conversation with Cash. Again, Fair testified in response to the prosecutor's questions that she could not recall the statements verbatim and that the document would not refresh her memory as to the exact statements made by Cash. The district court again allowed Fair to read the statements from the Form 119 over defendant's objection. Fair testified that Cash made the following statements to her:

> You are right, it is going to be unfortunate for you and whoever told you that, because you are going to die. That $447 is enough to get me to Indy. When I come to Indy I'm coming straight for you with a shotgun in my hand. You are going to take me to the person who made this decision and I'm going to blow his damn head off. I'm starting with the security guard downstairs. I ain't fooling around, Miss Fair. You ain't going to know when I'm coming. You can call the FBI, or whoever, I don't care. You better get your people together cause I'm coming to get you.

> I don't care, I'm coming after you. I don't care about dying. I have been dead for 20 years, in and out of VA Hospitals, but you better care. You won't know. I better get my money, my 100 percent, at the end of the month, or I'll be there.

(*Id.* at 35-36.)

## II. Discussion

Cash has raised only one issue in this appeal.[1] He contends that the trial court erred in permitting Fair to read excerpts of the Form 119 reports without formally introducing the documents into evidence. Cash argues that the prosecutor and the court confused the distinct concepts of refreshing a witness's recollection and the hearsay exception for past recollection recorded, and that he was prejudiced because the jury was permitted to base its conviction on evidence not properly before it.

We review a district court's evidentiary rulings for an abuse of discretion. *United States v. Toro*, 359 F.3d 879, 884 (7th Cir. 2004). We give special deference to these rulings "because of the trial judge's first-hand exposure to the witnesses and the evidence as a whole, and because of the judge's familiarity with the case and ability to gauge the impact of the evidence in the context of the entire proceeding." *United States v. Suggs*, 374 F.3d 508, 516 (7th Cir. 2004) (citations omitted). Only where the district court has clearly abused its discretion, meaning that no reasonable person could take the view adopted by the trial court, will we reverse an evidentiary ruling. *Id.*

Contrary to Cash's assertion, the record supports the district court's admission of this testimony pursuant to the exception to the hearsay rule for "past recollection recorded" provided in Federal Rule of Evidence 803(5). That rule states in relevant part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

---

[1] Subsequent to oral argument, Cash submitted a letter informing the Court that his appellate counsel failed to submit a supplemental brief raising several additional arguments, as Cash had requested. While we have considered Cash's letter and attachments, they do not change the outcome of this appeal.

(5) Recorded recollection. A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

Fed. R. Evid. 803(5).

"Under Rule 803(5), a document may be read to a jury if (1) the witness once had knowledge about matters in the document; (2) the witness now has insufficient recollection to testify fully and accurately; and (3) the record was made or adopted at a time when the matter was fresh in the witness's memory and reflected his knowledge correctly." *United States v. Schoenborn*, 4 F.3d 1424, 1427 (7th Cir. 1993) (citations omitted); *see also Collins v. Kibort*, 143 F.3d 331, 338 (7th Cir. 1998).

These factors were met in each instance in which the district court permitted Fair to read from her records. With respect to each quotation that Fair read to the jury, she testified that Cash made the statement directly to her during their telephone conversation, that she could not remember the statement verbatim, and that she had recorded Cash's exact words during the course of the conversation. The government thus laid the proper foundation, and the district court did not abuse its discretion in permitting Fair to read directly from the reports.

## III. Conclusion

For the foregoing reasons, the conviction is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*